IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RONALD KOSMICKI,** | ) | **CASE NO. 4:12CV3230** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **CORNHUSKER AUTOPLEX, Inc., and** | ) | |
| **CORNHUSKER MOTORS, Inc.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed his Complaint in this matter on November 14, 2012. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.     SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint against Cornhusker Auto Plex and Cornhusker Motors (together "Cornhusker Auto"). (Filing No. 1 at CM/ECF p. 1.) Liberally construed, Plaintiff's Complaint alleges a retaliation claim under Title VII of the Civil Rights Act ("Title VII"), and claims under the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA").

Plaintiff was employed as a salesman at Cornhusker Auto. He alleges that an assistant manager, Dan Webb, "harassed" him three to four times per week about his age and disability. The only example of this harassment that Plaintiff provides is that Dan Webb told Plaintiff to "go be a greeter at Walmart" because he was "getting old and hard of hearing." (Id. at CM/ECF p. 8.)

Plaintiff also alleges that a salesman at Cornhusker Auto grabbed his breast. Plaintiff complained about the salesman's conduct to management and he was told to "shut [his] mouth" or he would lose his job.  (*Id.* at CM/ECF p. 42.)  Shortly thereafter, Plaintiff was terminated.  Plaintiff alleges that the stated reason for his termination was "low sales," but he believes management terminated him in retaliation for complaining about being sexually harassed, and because of his age and disability.  (*Id.* at CM/ECF p. 8.)  Plaintiff also alleges that younger salesmen were not terminated for "low sales."  (*Id.*)  Plaintiff sets forth additional allegations, but most of Plaintiff's handwritten allegations are illegible.

Liberally construed, Plaintiff alleges that he has exhausted his administrative remedies, and his Complaint is timely filed.  Plaintiff does not set forth what relief he seeks from the court.

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007)*; *see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)* ("A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

### III. DISCUSSION OF CLAIMS

#### A. Demand for Relief

Complaints filed in federal court must contain "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). Plaintiff's Complaint does not specify the relief he seeks. (*See generally* Filing No. 1.) Accordingly, this matter may not proceed on Plaintiff's current Complaint. On the court's own motion, the court will provide Plaintiff with the opportunity to amend his Complaint to specify the relief he seeks.

#### B. Retaliation

Liberally construed, Plaintiff alleges a retaliation claim under Title VII. To establish a prima facie case of retaliation under Title VII, an employee must show that he engaged in protected activity, he suffered a materially adverse employment action that would deter a reasonable employee from making a charge of employment discrimination, and there is a causal connection between the protected activity and the adverse action." *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801-02 (8th Cir. 2011), (internal quotation marks and citation omitted).

Here, Plaintiff alleges he engaged in protected conduct when he complained to managers that he was being sexually harassed by a coworker (i.e., complained that a fellow salesman had "grabbed his breast"). Following his complaint, Plaintiff's managers terminated him. Plaintiff alleges that his managers stated he was being terminated because of his "low sales," but he believes he was terminated, in part, in retaliation for complaining about being sexually harassed. (Filing No. 1 at CM/ECF p. 8.) In support of this claim, Plaintiff alleges that other salesmen were not terminated for "low sales." (*Id.*)

Liberally construed, and at this early stage, Plaintiff has alleged sufficient facts to nudge his Title VII retaliation claim across the line from conceivable to plausible. However, as set forth above, this matter may not proceed unless Plaintiff amends his Complaint to specify the relief he seeks. See Fed. R. Civ. Pro. 8(a)(3). Accordingly, at this time, the court makes no determination as to whether Plaintiff's Title VII retaliation claim may proceed to service. The court will conduct further review of Plaintiff's Title VII claim, pursuant to 28 U.S.C. § 1915(e)(2), after Plaintiff amends his Complaint in accordance with this Memorandum and Order.

    **C.    ADEA Claim**

The ADEA prohibits employers from discriminating against employees on the basis of age. 29 U.S.C. § 623(a)(1). To establish a prima facie claim of age discrimination, a plaintiff must show he (1) is over 40; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) substantially younger, similarly-situated employees were treated more favorably. *Onyiah v. St. Cloud State Univ.*, 684 F.3d 711, 719 (8th Cir. 2012).

Here, Plaintiff alleges that he is over 40, he was terminated from his position because of his "low sales," and younger salesmen were not terminated for having low sales. In addition, Plaintiff alleges that his managers stated he was being terminated because of his "low sales," but he believes he was terminated, in part, because of his age. (Filing No. 1 at CM/ECF p. 8.) However, Plaintiff does not allege that these "younger" salesmen were *substantially* younger or that they were, otherwise, similarly situated. As such, Plaintiff has failed to set forth an ADEA claim upon which relief may be granted. However, on the court's own motion, the court will provide Plaintiff with the opportunity to amend his Complaint to sufficiently allege an ADEA claim against Defendants.

### D.   ADA Claim

As set forth in the ADA:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). An employee seeking relief under the ADA must establish that: "he was a disabled person within the meaning of the ADA, that he was qualified to perform the essential functions of the job, and that he suffered an adverse employment action under circumstances giving rise to an inference of unlawful discrimination." *Kozisek v. Cnty. of Seward, Neb.*, 539 F.3d 930, 934 (8th Cir. 2008). Further, a person is disabled within the meaning of the ADA only if he demonstrates that he has a physical or mental impairment that substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999). "Major life activities under the ADA are basic

activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006), (quoting 29 C.F.R. § 1630.2(i)).

Here, Plaintiff has not sufficiently alleged that he is a disabled person within the meaning of the ADA. Plaintiff states that he is "disabled," but he does not allege that he suffers from an impairment that substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. Indeed, the only allegation Plaintiff makes along these lines is that the assistant manager regarded him as "old and hard of hearing." (*See* Filing No. 1 at CM/ECF p. 19.)

In addition, Plaintiff has not sufficiently alleged that he was qualified to perform the essential functions of his job. To the contrary, Plaintiff admits that he was a car salesman with "low sales." (*Id.*) As such, Plaintiff has failed to set forth an ADA claim upon which relief may be granted. However, on the court's own motion, the court will provide Plaintiff with the opportunity to amend his Complaint to sufficiently allege an ADA claim against Defendants.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **February 23, 2013**, to amend his Complaint to specify the relief he seeks in accordance with Rule 8 of the Federal Rules of Civil Procedure. Any amended complaint must restate the allegations of Plaintiff's current Complaint and any new allegations (including additional allegations to support his ADA and ADEA claims). Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint that specifies the relief he seeks, this matter will be dismissed without prejudice and without further notice.

>    Plaintiff should be mindful that the court had difficulty reading his handwritten allegations, and it cannot consider allegations that are illegible;

2. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **February 23, 2013**; and

3. Plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

DATED this 23rd day of January, 2013.

>                                BY THE COURT:
>
>
>                                s/Laurie Smith Camp
>                                Chief United States District Judge

---

∗This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.